**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4480**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

WILLIAM ANDREW REEL, II,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cr-00189-FDW-DCK-1)

Submitted:  July 27, 2021                                  Decided:  August 13, 2021

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Robinson Brewer, Asheville, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, William Andrew Reel, II, pled guilty to conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and methamphetamine (actual), in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Reel to concurrent 360-month terms of imprisonment, the bottom of the advisory Sentencing Guidelines range. Reel appeals, raising claims of prosecutorial misconduct and ineffective assistance of counsel. We affirm.

When asserting a claim of prosecutorial misconduct, the defendant bears the burden of showing "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights so as to deprive him of a fair [sentencing proceeding]." *United States v. Benson*, 957 F.3d 218, 234 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 934, and *cert. denied*, 141 S. Ct. 935 (2020). Where, as here, the claim of prosecutorial misconduct was not raised or presented to the trial court, we review for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). "In reviewing for plain error, we must affirm unless an appellant can show that (1) an error was made, (2) it was plain, and (3) it affected the appellant's substantial rights." *Id*.

Reel contends that the Government engaged in prosecutorial misconduct by breaching the plea agreement. Under the plea agreement, the parties agreed to jointly recommend to the court that, for purposes of the Sentencing Guidelines:

> The amount of mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance that was known to or reasonably foreseeable by the defendant (including relevant conduct) was at least 15 kilograms but less than 45 kilograms for a Base Offense Level of 36.

In Reel's view, the Government violated the plea agreement because, in reliance on the information provided by the Government, the court held Reel accountable for 53,111 kilograms of converted drug weight.

Under the Guidelines, "'converted drug weight' . . . refers to a nominal reference designation that is used as a conversion factor in the Drug Conversion Tables set forth in the Commentary [(USSG § 2D1.1 cmt. (n.8(D))] . . . to determine the offense level . . . when combining differing controlled substances." U.S. Sentencing Guidelines Manual § 2D1.1(c) cmt. (n.*K) (2018). In this case, there were differing controlled substances: methamphetamine and methamphetamine (actual). Under the Drug Conversion Tables, 1 gram of methamphetamine equals 2 kilograms of converted drug weight and 1 gram of actual methamphetamine equals 20 kilograms of converted drug weight. USSG § 2D1.1 cmt. n.8(D) (Drug Conversion Tables).

The "53,311 kg" for which Reel was held accountable was not 53,311 kilograms of methamphetamine, but rather the converted drug weight of 7000 grams (7 kilograms) of methamphetamine plus 1965.55 grams of actual methamphetamine. The base offense level for 53,311 kilograms of converted drug weight is 36, USSG § 2D1.1(c)(2)—the base

offense level the parties agreed to recommend under the plea agreement. Thus, the Government did not breach the plea agreement and did not engage in prosecutorial misconduct.

Reel contends that trial counsel was ineffective for failing to bring to the district court's attention the Government's purported prosecutorial misconduct. Claims of ineffective assistance of counsel will be considered on direct appeal only when the record conclusively shows that counsel was ineffective. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). To demonstrate ineffective assistance of counsel, Reel must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id*. at 687. Because the Government's conduct of which Reel complains did not amount to prosecutorial misconduct, the record does not show ineffective assistance by trial counsel for failing to raise the matter in the district court. We therefore decline to address this claim on direct appeal.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*